IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MATTHEW HOWELL | PLAINTIFF |
| vs. | CASE NO.: _____ |
| GOODMAN NETWORKS INCORPORATED | DEFENDANT |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff Matthew Howell (hereinafter "Plaintiff"), by and through counsel of record, and files this Complaint against his former employer, Goodman Networks Incorporated (hereinafter "Goodman Networks" or alternatively "Defendant") for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and in support thereof states as follows:

## NATURE OF LAWSUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

1

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiff either worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. At all times material hereto, Plaintiff was employed by Defendant as a non-exempt satellite installation technician.

9. At all material times hereto, Plaintiff performed installation activities, on behalf of Defendant in and around Memphis, Tennessee.

10. At all material times hereto, Defendant Goodman Networks operated and conducted business in and around Shelby County, Tennessee.

## COVERAGE

11. At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

12. At all material times hereto, Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

13. At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14. At all material times hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15. At all material times hereto, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

16. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

17. At all material times hereto, Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

18. At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

a. Operated instrumentalities of commerce;

b. Transported goods in commerce;

c. Used channels of commerce;

d. Communicated across state lines; and/or

e. Performed work essential to any of the preceding activities.

19. At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

20. At all material times hereto, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

21. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

22. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

23. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

24. Defendant provides satellite installation and repair services to satellite providers and customers in Tennessee.

25. Plaintiff worked in this capacity from approximately January 2016 through July 2016.

26. Plaintiff's wages were based on the job performed, not the amount of hours worked - whether Plaintiff worked more or less than forty (40) hours in a workweek.

27. Defendants paid Plaintiff approximately the equivalent of $19.00 per hour.

28. Plaintiff received his daily job assignments via handheld device each morning at approximately 6:00 am and was required to immediately call the customer and set up an appointment time.

29. Although Plaintiff made numerous calls each morning to setup service appointments with customers, Defendant did not credit or compensate Plaintiff for this work. Defendant considered Plaintiff's workday to start when he appeared for his first appointment of the day, which was typically at 8:00 am.

30. Defendant also stopped paying Plaintiff for the day when he completed the last job of the day; however, Plaintiff was still required to return to Defendant's office to return company equipment.

31. Furthermore, if Defendant, a service provider, or customer, was unsatisfied with work performed by Plaintiff, Defendant requires Plaintiff to go out and correct any deficiency without pay.

32. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

33. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty (40) in a workweek.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

35. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

36. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

37. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

38. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

39. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Matthew Howell, respectfully requests that judgment be entered in his favor against Defendant, Goodman Networks:

a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. Awarding Plaintiffs pre-judgment interest;

e. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 10th day of January, 2017.

        Respectfully Submitted,

        MATTHEW HOWELL, PLAINTIFF

        */s/ Christopher W. Espy*  .
        CHRISTOPHER W. ESPY, ESQ.
        Christopher W. Espy, Esq. (MSB#: 102424)
        MORGAN & MORGAN, PLLC
        4450 Old Canton Road, Suite 200
        Jackson, Mississippi 39211
        Phone: 601-718-2087
        Fax:    601-718-2102
        Email: cespy@forthepeople.com

        ATTORNEY FOR PLAINTIFF